IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

    Plaintiff,

v.                                                                                                No. 1:25-cv-00495-KK[1]

BENJAMIN D. THOMAS,
STEVEN J. CLARK,
CINDY M. MERCER,
GEOFFREY R. NIMS,
JAMES HARRIS and
JOSE NATIVIDAD,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 27, 2025 ("Complaint"). Plaintiff alleges that "Defendant(s) have, intentionally or recklessly accumulated debris and hazardous material upon Plaintiff's property," "the City of Belen Code Enforcement has cited the property," and "Defendant refuses to clean up the debris . . . [and] whenever Plaintiff arrived at its property to clean up the debris, Defendant calls the Police . . . preventing Plaintiff from completing the clean up." Complaint at 5.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed May 27, 2025. Plaintiff has paid the filing fee. *See* Doc. 3, filed May 27, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

The Court has identified the following deficiencies and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

**Jurisdiction**

It appears that the Court lacks jurisdiction to hear this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine because Plaintiff states there are other lawsuits in state court dealing with the same facts involved in this action. *See* Complaint at 6, 8 (identifying three state court cases).

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Plaintiff identifies three cases in state court. Plaintiff states that "Thomas and Clark have made Motions to Dismiss and Saul consents to dismissal" in one of the cases. Complaint at 8. Plaintiff states that the other two cases are "believed dismissed or dismissable." Complaint at 8.

The Court orders Plaintiff to show cause why the Court should not dismiss this case pursuant to *Younger* and/or *Rooker-Feldman*. Plaintiff's response to this order must address the *Younger* and *Rooker-Feldman* standards for each case. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff must indicate for each case whether the case is ongoing or has been dismissed. If any of the three cases has been dismissed, Plaintiff must file a copy of the order dismissing the case.

**Failure to State a Claim**

Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.' " *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

While the Complaint does not expressly identify the Defendant who allegedly accumulated debris and hazardous material on Plaintiff's property, it appears that Plaintiff is referring to Defendant Thomas. The Complaint fails to state a claim against Defendant Thomas pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendant Thomas deprived Plaintiff of a federally protected right and was acting under color of state law.

The Complaint fails to state claims for damages against Defendant Cindy M. Mercer, a state court judge, Geoffrey Nims, a state court "special master" and "special domestic prosecutor," and Steven J. Clark, an "officer of the Court." "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008). "Prosecutors are entitled to absolute immunity for their

4

decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022).

The Complaint fails to state civil rights claims against Defendant James Harris, "Chief of Police," and Defendant Jose Natividad, the former Chief of Police. Plaintiff alleges that Defendants Harris and Natividad prevented Plaintiff from clearing debris and hazardous material from Plaintiff's property. *See* Complaint at 3-4. Those allegations, without more, are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

It appears that some of Plaintiff's claims may be barred by a statute of limitations. Plaintiff alleges that "Since 2012, Defendant(s) have, intentionally or recklessly accumulated debris and hazardous material upon Plaintiff's property." Complaint at 5. "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).

The Court orders Plaintiff to show cause why the Court should not dismiss this case. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must clearly explain what each Defendant did to Plaintiff, when each Defendant did it, and what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,

1163 (10th Cir. 2007) (quoted above). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**