IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

       Plaintiff,

v.                                                           No. 1:25-cv-00495-WJ-KK

BENJAMIN D. THOMAS,
STEVEN J. CLARK,
CINDY M. MERCER,
GEOFFREY R. NIMS,
JAMES HARRIS and
JOSE NATIVIDAD,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
AND ORDER TO SHOW CAUSE**

*Pro se* Plaintiff alleged that "Defendant(s) have, intentionally or recklessly accumulated debris and hazardous material upon Plaintiff's property," "the City of Belen Code Enforcement has cited the property," and "Defendant refuses to clean up the debris . . . [and] whenever Plaintiff arrived at its property to clean up the debris, Defendant calls the Police . . . preventing Plaintiff from completing the clean up." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 5, Doc. 1, filed May 27, 2025 ("Complaint").

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine[1] and/or the *Rooker-*

---

[1] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

*Feldman* doctrine[2] due to the proceedings in state court "because Plaintiff states there are other lawsuits in state court dealing with the same facts involved in this action."  Order to Show Cause at 2-3, Doc. 5, filed May 28, 2025 (citing the Complaint at 6, 8, identifying three state court cases; notifying Plaintiff that the Complaint failed to state claims pursuant to 42 U.S.C. § 1983 and due to judicial immunity, and some claims may be barred by the statute of limitations).  Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine and to file an amended complaint.  *See* Order to Show Cause at 3, 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the June 18, 2025, deadline.

---

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

[2] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court concludes it does not have jurisdiction over this case. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). It appears the Court lacks jurisdiction over this matter pursuant to *Younger* and/or *Rooker-Feldman* due to the proceedings in state court and Plaintiff has not shown otherwise.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

## ORDER TO SHOW CAUSE

Plaintiff Roger Saul has filed eight cases in this Court during the last few years. *See Saul v. U.S. Bank National Assoc.*, No. 1:23-cv-00682-MIS-JMR ("*Saul I*") (dismissed for failure to state a claim); *Saul v. Thomas*, No. 1:24-cv-00315-MV-JFR ("*Saul II*") (dismissed for lack of jurisdiction); *Saul v. U.S. Bank National Assoc.*, No. 1:24-cv-00362-DHU-KK ("*Saul III*") (dismissed for lack of jurisdiction); *Saul v. MTGLQ Investors, L.P.*, No. 1:24-cv-00442-JB-SCY ("*Saul IV*") (dismissed for failure to state a claim); *Saul v. Thomas*, 1:24-cv-01284-MIS-LF ("*Saul V*") (dismissed for lack of jurisdiction); *Saul v. U.S. Bank National Assoc.*, No. 1:25-cv-00406-

3

JCH-KK ("*Saul VI*") (dismissed for lack of jurisdiction); *Saul v. First Financial Bank*, No. 1:25-cv-00436-MLG-SCY ("*Saul VII*") (dismissed for failure to show cause why the Court should not dismiss this case for lack of jurisdiction); *Saul v. Thomas*, No. 1:25-cv-00495-WJ-KK ("*Saul VIII*") (this case; dismissed for lack of jurisdiction).

Plaintiff has repeatedly filed cases over which the Court lacks jurisdiction. *See Saul II*; *Saul III*; *Saul V*; *Saul VI*; *Saul VII*; and *Saul VIII*. Plaintiff has also repeatedly failed to state claims due insufficient allegations, *see Saul I*, Saul *VI*, and *Saul VIII*, or by asserting claims pursuant to criminal statutes which do not provide for private civil causes of action, *see Saul I* and *Saul IV*. Despite being notified several times of his responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure, Plaintiff has filed an amended complaint eight months after the case was dismissed without first seeking relief from the dismissal order pursuant to Federal Rule of Civil Procedure 60(b), *see Saul I*, and invoked Federal Rule of Civil Procedure 60(b) for relief from a state court judgment, *see Saul III*.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing

4

> the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the

Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)   Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages.  If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**